## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASPLUNDH TREE EXPERT LLC, *f/k/a* ASPLUNDH TREE EXPERT CO. <br> Plaintiff <br><br> v. <br><br> TRAVELERS INDEMNITY COMPANY, f/k/a AETNA CASUALTY AND SURETY COMPANY <br><br> and <br><br> PATRICIA OLDHAM, Individually and as Administratrix for the Estate of HERBERT G. OLDHAM <br> Defendants. | Civil Action No.: |

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Asplundh Tree Expert LLC, *f/k/a* Asplundh Tree Expert Co. brings this Action for Declaratory Judgment against Travelers Indemnity Company, *f/k/a* AETNA Casualty and Surety Company (hereinafter "Travelers") and Patricia Oldham, Individually and as Administratrix for the Estate of Herbert G. Oldham (hereinafter "Oldham"), for a declaratory judgment of Plaintiff's right to insurance coverage pursuant to a contractual liability provision under a policy of insurance issued by AETNA Casualty, and in support of its action, Plaintiff alleges as follows:

### PARTIES

1.      Plaintiff, Asplundh Tree Expert LLC, *f/k/a* Asplundh Tree Expert Co. is a Pennsylvania limited liability company with a place of business located at 708 Blair Mill Road, Willow Grove, Pennsylvania 19090.

2.      Defendant, Travelers Indemnity Company, *f/k/a* AETNA Casualty and Surety Company, is a Minnesota corporation with a principal place of business located at One Tower Square, Hartford, CT 06183.

3.      At all times relevant to the claims set forth in this Complaint, Travelers conducted business as an insurance company in the Commonwealth of Pennsylvania.

4.      Defendant, Patricia Oldham of 34 Arizona Avenue, Whiting, NJ 08759-1466, individually and as Administratrix for the Estate of Herbert G. Oldham, is named solely as a party with a potential interest in the outcome of this action.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a) and §1367(a).

6.      Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(b).

7.      Pursuant to 28 U.S.C. §2201 et seq., declaratory relief is both necessary and proper.

## THE INSURANCE POLICIES

8.      Asplundh is the named insured under a Workmen's Compensation and Employers' Liability Policy number 04 c 142972, issued by AETNA Casualty and Surety Company.

9.      The effective dates of coverage for the Workmen's Compensation Policy are August 1, 1974 to August 1, 1975 and a policy limit of five hundred thousand dollars ($500,000). A true and correct copy of the AETNA Insurance Policy is attached hereto and marked as Exhibit "A."[1]

---

[1] Asplundh understands that Aetna was acquired by Travelers subsequent to the issuance of this policy and that a number of others policies were issued by Aetna to Asplundh prior to the acquisition.

10.     Pursuant to the Insuring Agreement of the Workmen's Compensation Policy, Travelers shall "defend any proceeding against the insured seeking such benefits and any suit against the insured alleging such injury and seeking damages on account thereof, even if such proceeding or suit is groundless, false or fraudulent..." *See* Exhibit A.

11.     Asplundh is also the named insured under a Comprehensive General Liability Policy number TR-SLG-166T268-2-79, issued by Travelers Indemnity Company.

12.     The effective dates of coverage for the Travelers general liability policy is August 1, 1979 to August 1, 1980.  (A true and correct copy of the Travelers General Liability Policy is attached hereto and marked as Exhibit "B.")

13.     Asplundh is also the named inured under the following General Liability Policies issued by Travelers Casualty:

- 04 AL 133080 SRA(Y) (8/01/1973 to 8/01/1974);
- 04 AL 133140 SRA(Y) (8/01/1974 to 8/01/1975);
- 04 AL 247670 SRA (8/01/1976 to 8/01/1977);
- 04 AL 247740 SRA (8/01/1977 to 8/01/1978);
- 04 AL 251350 SRA (8/01/1978 to 8/01/1979);
- TR-SLG-166T2682-79 (8/01/1979 to 8/01/1980);
- TREE-SLG-166T2682-80 (8/01/1980 to 8/01/1981);
- TREE-SLG-166T2682-81 (8/01/1981 to 8/01/1982);
- TREE-SLG-166T2682-82 (8/01/1982 to 8/01/1983) and
- TREE-SLG-166T2682-83 (8/01/1983 to 8/01/1984).

14.     In addition, Asplundh is the named insured under the following Workmen's Compensation and Employers' Liability Policies issued by Travelers Casualty:

- TR-UB-166T261A-79 (8/01/1979 to 8/01/1980);
- TREE-UB-166T261A-80 (8/01/1980 to 8/01/1981);
- TREE-UB-166T261A-81 (8/01/1981 to 8/01/1982);
- TREE-UB-166T261A-82 (8/01/1982 to 8/01/1983) and
- TREE-UB-166T261A-83 (8/01/1983 to 8/01/1984).

3

15.     Lastly, Asplundh is the named insured under the following General Liability and Workmen's Compensation Policies issued by Travelers Casualty:

- 04 AL 243560 SRA (8/01/1975 to 8/01/1976);
- 04 C 142920 SRA (8/01/1973 to 8/01/1974);
- 04 C 142970 SRA (8/01/1974 to 8/01/1975);
- 04 C 144050 SRA (8/01/1975 to 8/01/1976);
- 04 C 146120 SRA (8/01/1976 to 8/01/1977);
- 04 C 146200 SRA (8/01/1977 to 8/01/1978) and
- 04 C 148340 SRA (8/01/1978 to 8/01/1979).

16.     Like the Insuring Agreement in the AETNA Workmen's Compensation Policy, comprehensive general liability policies also generally contain similar agreements to defend the insured in proceedings involving claims of injury related to acts that fall within the scope of coverage.[2]

## THE UNDERLYING LITIGATION

17.     Plaintiff, Patricia Oldham, individually and as Administratrix of the Estate of Herbert G. Oldham, alleges, *inter alia*, in her Complaint that the decedent, Herbert Oldham, was occupationally exposed to asbestos while working as a mechanic and in the parts department at Asplundh from approximately 1964 to 1983.  (A true and correct copy of the Plaintiff's Amended Complaint is attached hereto and marked as Exhibit "C.")

18.     Ms. Oldham also alleges that Mr. Oldham was exposed to asbestos from asbestos-containing brakes, clutches, and gaskets.  *See* Exhibit "C."

19.     Ms. Oldham's allegations sound in theories of product liability and negligence.

---

[2] Asplundh does not currently possess the entire general liability policies issued by Travelers.  Travelers Associate Account Executive Kelly Long previously identified these general liability policies to Guy Roman of Asplundh in prior correspondence.  Asplundh has since requested copies of these policies both informally and by Requests for Production of Documents directed to Travelers Casualty.

20.     Asplundh denies that Mr. Oldham was employed as an auto mechanic and that he was exposed to asbestos on a daily basis from asbestos-containing brakes, clutches, and gaskets while working in the presence of others.

21.     By correspondence dated February 22, 2018, plaintiff, Asplundh, initially tendered its defense to Travelers Insurance in the *Oldham* litigation based upon the insurer's endorsement in the underlying policy. (A true and correct copy of the correspondence is attached hereto and marked as Exhibit "D.")

22.     Since Asplundh's tender request, Travelers has not provided Asplundh with a defense or indemnity; therefore, it has failed to adhere to is contractual obligations to assume Asplundh's defense.

23.     More than five months have passed since Asplundh issued its tender and indemnity request.

24.     The underlying litigation has been preliminarily listed for trial September of 2019 in Philadelphia County Court of Common Pleas.

## COUNT I

25.     Plaintiff incorporates by reference paragraphs one (1) through twenty-two (22) above as if fully set forth at length herein.

26.     Plaintiff seeks a declaration pursuant to 28 U.S.C. § 2201 that:

    a.      Travelers has a duty to defend Asplundh in the *Oldham* litigation pursuant to Policy Nos. 04 c 142972, TR-SLG-166T268-2-79 and the additional, aforementioned policies;[3]

---

[3] While it is acknowledged that Mr. Oldham was an employee of Asplundh during the alleged period of exposure, Asplundh anticipates that Plaintiff's claims of injury will fall within the scope of coverage of the general liability policies pursuant to *Tooey v. AK Steel Corp.*, 81 A.3d 851, 861 and 865 (Pa. 2013).

b.    Travelers has a duty to indemnify Asplundh in the *Oldham* litigation pursuant to the aforementioned policies.

27.    Asplundh also seeks:

a.    attorney's fees and reasonable costs of suit;

b.    reimbursement of all fees and costs incurred after the tender of Asplundh's defense to Travelers;

c.    reimbursement of all attorney's fees and costs incurred to date by Asplundh in its defense of the *Oldham* litigation; and

d.    such other relief as the Court may deem just and proper.

WHEREFORE, Plaintiff, Asplundh Tree Expert LLC, *f/k/a* Asplundh Tree Expert Co., seeks a declaration that Travelers Indemnity Company, f/k/a AETNA Casualty and Surety Company, has a duty to defend and indemnify Asplundh in the matter of *Patricia Oldham, Individually and as Administratrix for the Estate of Herbert G. Oldham v. Owens-Illinois, Inc., et al.,* Court of Common Pleas, Philadelphia County, docket no. 2017-2289, and seeks an entry of judgment in its favor for attorney's fees, costs, pre-judgment interest, and such other relief as the Court may deem just and proper.

## COUNT II

28.    Asplundh incorporates by reference paragraphs one (1) through twenty-five (25) above as if fully set forth at length herein.

29.    By failing to respond to Asplundh's tender request and failing to provide Asplundh with a defense to date, Travelers is guilty of bad faith conduct in the handling of Asplundh's claims in violation of 42 Pa.C.S. §8371.

30.    Asplundh seeks an award of damages, including punitive damages, for an intentional and capricious anticipatory denial of a defense and indemnity pursuant to 42 Pa.C.S. §8371.

WHEREFORE, Plaintiff, Asplundh Tree Expert LLC, seeks entry of judgment in its favor for damages, punitive damages, costs, pre-judgment interest, and such other relief as the Court may deem just and proper.

Respectfully submitted,

LAVIN, O'NEIL, CEDRONE & DiSIPIO

BY: _____

Basil A. DiSipio, Esquire (PA ID 28212)
John J. Bateman, Esquire (PA ID 49447)
190 N. Independence Mall West, Suite 500
6th & Race Streets
Philadelphia, PA 19106
(215) 627-0303
bdispio@lavin-law.com
Counsel for Plaintiff,
Asplundh Tree Expert LLC

Dated: August 21, 2018

7

## CERTIFICATE OF SERVICE

I, John J. Bateman, Esquire, hereby certify that a true and correct copy of the foregoing Complaint for Declaratory Judgment against Defendant, Travelers Indemnity Company, was electronically filed and served upon the following via certified mail pursuant to F.R.C.P. No. 4(e), (h) and Pa.R.C.P. 404 on this 21st day of August, 2018:

Travelers Indemnity Company
One Tower Square
Hartford, CT 06183

Patricia Oldham
34 Arizona Avenue
Whiting, NJ 08759-1466

LAVIN, O'NEIL, CEDRONE & DISIPIO

BY:_____

Basil A. DiSipio, Esquire
John J. Bateman, Esquire
Counsel for Plaintiff,
Asplundh Tree Expert LLC